1

**QUILL & ARROW, LLP**
Kevin Y. Jacobson, Esq. (SBN 320532)
kjacobson@quillarrowlaw.com
Gregory Sogoyan, Esq. (SBN 316832)
gsogoyan@quillarrowlaw.com
e-service@quillarrowlaw.com
10900 Wilshire Boulevard, Suite 300
Los Angeles, CA 90024
Telephone:   (310) 933-4271
Facsimile:    (310) 889-0645

2

3

4

5

6

7

8

Attorneys for Plaintiff,
**HILDA P. GUERRERO**

9

10

UNITED STATES DISTRICT COURT

11

CENTRAL DISTRICT OF CALIFORNIA

12

13

14

HILDA P. GUERRERO, an
individual,

15

Plaintiff,

16

vs.

17

18

MERCEDES-BENZ USA, LLC, a
Delaware Limited Liability
Company,

19

20

Defendant.

21

22

23

24

25

26

27

28

Case No.:

**COMPLAINT**

1. **VIOLATION OF SONG-
   BEVERLY ACT - BREACH OF
   EXPRESS WARRANTY**
2. **VIOLATION OF SONG-
   BEVERLY ACT - BREACH OF
   IMPLIED WARRANTY**
3. **VIOLATION OF THE SONG-
   BEVERLY ACT SECTION
   1793.2**

1    Plaintiff, HILDA P. GUERRERO ("Plaintiff"), an individual, alleges as

2 follows against Defendant, MERCEDES-BENZ USA, LLC, a Delaware Limited

3 Liability Company ("MERCEDES-BENZ USA, LLC") on information and belief,

4 formed after a reasonable inquiry under the circumstances:

5                                    **INTRODUCTION**

6    1.    These causes of action arise out of the warranty obligations of

7 MERCEDES-BENZ USA, LLC in connection with a vehicle leased by Plaintiff and

8 for which MERCEDES-BENZ USA, LLC issued a written warranty.

9    2.    On January 21, 2020, Plaintiff leased a 2020 Mercedes-Benz

10 GLB250W, having VIN No. WDC4M4GB9LW012891 ("the Subject Vehicle").

11 Pursuant to Section 1793.22, subdivision (e)-(2), of the California Civil Code, the

12 Subject Vehicle was a new vehicle that had never been sold to a private consumer

13 prior to Plaintiff's lease, and therefore constitutes a "new motor vehicle" under the

14 Song-Beverly Consumer Warranty Act (herein after "the Act").

15   3.    These causes of action arise out of warranty and repair obligations of

16 MERCEDES-BENZ USA, LLC in connection with a vehicle that Plaintiff leased and

17 for which MERCEDES-BENZ USA, LLC issued a full and enforceable written

18 warranty. The warranty was not issued by the selling dealership.

19   4.    MERCEDES-BENZ USA, LLC warranted the Subject Vehicle and

20 agreed to preserve or maintain the utility or performance of Plaintiff's vehicle or to

21 provide compensation if there was a failure in such utility or performance. In

22 connection with the lease, Plaintiff received various warranties, inter alia, a 4-

23 years/50,000 miles express bumper to bumper warranty and a 4-years/50,000 miles

24 of limited powertrain warranty which, inter alia, covers the engine and the

25 transmission, as well as various emissions warranties that exceed the time and

26 mileage limitations of the bumper to bumper and powertrain warranties.

27   5.    The Subject Vehicle was delivered to Plaintiff with serious defects and

28 nonconformities   to   warranty   and   developed   other   serious   defects   and

nonconformities to warranty including, but not limited to, engine, electrical, and emission system defects.

6.      Plaintiff hereby revokes acceptance of the Lease Agreement.

7.      Pursuant to the Act, Civil Code sections 1790 *et seq*., the Subject Vehicle constitutes a "consumer good" used primarily for family or household purposes, and Plaintiff has used the vehicle primarily for those purposes.

8.      Plaintiff is a "buyer" of consumer goods under the Act.

9.      Defendant MERCEDES-BENZ USA, LLC is a "manufacturer" and/or "distributor" under the Act.

10.     Plaintiff hereby demands trial by jury in this action.

**PLAINTIFF'S REPAIR HISTORY OF THE SUBJECT VEHICLE**

11.     The following is a summary of some pertinent portions of the repair visits for the Subject Vehicle.

12.     On January 25, 2020, with approximately 579 miles on the odometer, Plaintiff presented the Subject Vehicle to Defendant's authorized repair facility, Walter's Mercedes-Benz of Riverside, and reported that the Check Engine light was illuminated. Upon inspection of the Subject Vehicle, Defendant's authorized technician verified Plaintiff's concern and claimed to have found fault code P146264 in both the Engine Control Unit and the Fuel Pump Control unit. Despite the alleged repairs, Plaintiff's complaint regarding the engine defect has continued to plague the Subject Vehicle. The inspection and repair were performed under the warranty issued by MERCEDES-BENZ USA, LLC. The Subject Vehicle was out of service for approximately one (1) day during this repair attempt.

13.     On December 19, 2020, with approximately 9,239 miles on the odometer, Plaintiff presented the Subject Vehicle to Defendant's authorized repair facility, Walter's Mercedes-Benz of Riverside, and reported that the SRS Control Unit Recall 202008001, as well as Recall 2020900 for the rear spoiler. The inspection and repairs were performed under the warranty issued by MERCEDES-BENZ USA,

LLC. The Subject Vehicle was out of service for approximately one (1) day during this repair attempt.

14.     On July 26, 2021, with approximately 17,987 miles on the odometer, Plaintiff presented the Subject Vehicle to Defendant's authorized repair facility, Walter's Mercedes-Benz of Riverside, and reported, again, of the Check Engine light illuminating *for the second time*. Upon inspecting the Subject Vehicle, Defendant's authorized technician found fault code P146264 appearing again from the first presentation. Defendant's technician discovered the low fuel pressure and fuel temperature sensors were malfunctioning. Defendant's technician performed LI 47.50-P-070263 and proceeded to erase the fault codes. The Subject Vehicle was represented to Plaintiff as repaired, according to Defendant's technician. Despite the Defendant's technician's alleged determination, Plaintiff's concerns have continued to plague them for the remainder of their ownership. The inspection and repair were performed under the warranty issued by MERCEDES-BENZ USA, LLC. The Subject Vehicle was out of service for approximately one (1) day during this repair attempt.

15.     On August 3, 2021, with approximately 18,625 miles on the odometer, Plaintiff presented the Subject Vehicle to Defendant's authorized repair facility, Walter's Mercedes-Benz of Riverside, and reported that the Check Engine light was illuminated on the Subject Vehicle's dashboard again *for the third time,* and the engine was misfiring. Upon inspection, Defendant's authorized technician verified the Check Engine light and retrieved fault codes, P219D77, P219F78, P1CE577, P1CE678, P146264, and P1CEF85. Defendant's technician proceeded to perform instructions from LI Document 01.30-P-072328 and began disassembling the engine assembly. Defendant's technician narrowed the source of the leakage to be due to exhaust valve seat cylinder #2 leaking and proceeded to replace the cylinder head and fuel injector seals. A camshaft teach-in sensor rotor adaptation was also performed by Defendant's technician as needed. After the alleged repairs,

Defendant's technician represented to Plaintiff that the Subject Vehicle was now operating as intended. Despite the alleged determination that all features were functioning as intended, Plaintiff's concerns have continued to plague the Subject Vehicle. The inspection and repairs were performed under the warranty issued by MERCEDES-BENZ USA, LLC. The Subject Vehicle was out of service for approximately six (6) days during this repair attempt.

16.    On October 12, 2021, with approximately 23,409 miles on the odometer, Plaintiff presented the Subject Vehicle to Defendant's authorized repair facility, Mercedes-Benz of West Covina, and reported that the vehicle's temperature gauge indicated an abnormally high reading. Defendant's technician verified this concern and found fault code P021700. In response, Defendant's technician allegedly replaced the thermostat. Despite the alleged repairs, Plaintiff's complaint regarding the engine defect has continued to plague the Subject Vehicle. The inspection and repair were performed under the warranty issued by MERCEDES-BENZ USA, LLC. The Subject Vehicle was out of service for approximately four (4) days during this repair attempt.

17.    On May 10, 2022, with approximately 38,886 miles on the odometer, Plaintiff presented the Subject Vehicle to Defendant's authorized repair facility, Mercedes-Benz of West Covina, and reported a noise originating from the passenger-side dashboard area. Upon inspection of the Subject Vehicle, Defendant's technician claimed that they were unable to duplicate Plaintiff's concern. Despite the Defendant's technician's alleged determination, Plaintiff's concerns have persisted throughout their ownership. The inspections were performed under the warranty issued by MERCEDES-BENZ USA, LLC. The Subject Vehicle was out of service for approximately three (3) days during this repair attempt.

18.    On September 21, 2022, with approximately 47,384 miles on the odometer, Plaintiff presented the Subject Vehicle to Defendant's authorized repair facility, Mercedes-Benz of West Covina, and reported a rattling noise produced from

the center console A/C area. Defendant's technician verified this complaint and began performing a road test to identify the originating location of the noise. Defendant's technician then allegedly proceeded to search for other PTSS cases with similar issues and determined the timing chain tensioner was the cause of this complaint. In response, Defendant's technician replaced the timing chain tensioner and presented to Plaintiff that the noise had allegedly ceased.  Despite the Defendant's technician's alleged determination, Plaintiff's concerns have persisted throughout their ownership. The inspections and repairs were performed under the warranty issued by MERCEDES-BENZ USA, LLC. The Subject Vehicle was out of service for approximately three (3) days during this repair attempt.

19.    None of the aforementioned repair attempts successfully repaired the Subject Vehicle, including the ongoing engine, electrical, structural, emission, and suspension system defects.

20.    Thereafter, Plaintiff continued to experience symptoms of the various defects despite Defendant's representation that the Subject Vehicle was repaired.

21.    Prior to filing this lawsuit, Plaintiff contacted Defendant seeking relief pursuant to the Song-Beverly Consumer Warranty Act, after Defendant failed to conform the Subject Vehicle to the terms of the express warranty after a reasonable number of repair attempts. Defendant failed to repurchase the Subject Vehicle, forcing Plaintiff to file the instant lawsuit.

## JURISDICTION AND VENUE

22.    This Court has jurisdiction over the subject matter and parties pursuant to 28 U.S.C. § 1332 *et seq.,* because the amount of recovery sought by Plaintiff exceeds the jurisdictional amount of $75,000.00, and there is complete diversity among the parties.

23.     The Subject Vehicle, as reflected in the Lease Agreement, has an approximate value of $48,006.89. Pursuant to the Song-Beverly Act, Plaintiff is seeking general, special, and actual damages, as well as civil penalties, up to two

times the amount of actual damage. As such, Plaintiff seeks in the approximate amount of $144,020.67. Plaintiff is also seeking reasonable attorneys' fees under the Act. Accordingly, Plaintiff's claims meet the jurisdictional threshold required under 28 U.S.C. § 1332 (a).

24.    Complete diversity exists as Plaintiff, HILDA P. GUERRERO, is a citizen of the state of California.

25.    With respect to Defendant, MERCEDES-BENZ USA, LLC, the citizenship of a limited liability company for diversity jurisdiction purposes is determined by examining the citizenship of each member of the company. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899-900 (9th Cir. 2006); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1021-22 (11th Cir. 2004). Moreover, a member of a limited liability company is a person who has been admitted to a limited liability company as a member. *See* Cal. Corp. Code § 17701.02, subd. (p.); 6 Del. Code § 18-101, subd. (13); 6 Del. Code §§ 18-301 et seq.

26.    Defendant, MERCEDES-BENZ USA, LLC, is a Delaware Limited Liability Company operating and doing business in the State of California. As reflected in Defendant's Statement of Information filed with the California Secretary of State, none of the individual members listed therein are citizens of the state of California. Rather, the Statement of Information expressly indicates a Georgia address for each listed member. Accordingly, the members of MERECEDES-BENZ USA, LLC are citizens of the state of Georgia and not California, as reflected in Section D of the Statement of Information, filed by Defendant on April 19, 2022. A true and correct copy of Defendant, Mercedes-Benz USA, LLC's Statement of Information is attached herewith as **Exhibit A**.

27.    As such, none of Defendant's members, as a Limited Liability Company, are citizens of the state of California. Accordingly, there is complete diversity among the parties under 28 U.S.C. § 1332 (a)(1), as Plaintiff has alleged

sufficient facts to establish subject matter jurisdiction.[1]

28.   Venue is proper in, and Defendants are subject to, the personal jurisdiction of this Court because the Subject Vehicle was leased at WALTERS AUTO SALES & SERVICE, INC., a MERCEDES-BENZ USA, LLC authorized dealership and repair facility, located at 3213 Adams St., Riverside, CA 92504.

29.   Venue is also proper, as Plaintiff, HILDA P. GUERRERO, is an individual residing in the city of Rancho Cucamonga, State of California.

30.   Venue is also proper, as Defendant, MERCEDES-BENZ USA, LLC, is and was a Delaware Limited Liability Company operating and doing business in the State of California.

31.   All acts of corporate employees as alleged were authorized or ratified by an officer, director, or managing agent of the corporate employer.

32.   Each Defendant, whether actually or fictitiously named herein, was the principal, agent (actual or ostensible), or employee of each other Defendant, and in acting as such principal or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth by reason of which each Defendant is liable to Plaintiff for the relief prayed for herein.

## DEMAND FOR JURY TRIAL

33.   Plaintiff, HILDA P. GUERRERO, hereby demands a trial by jury in this action.

## FIRST CAUSE OF ACTION

### Violation of the Song-Beverly Act – Breach of Express Warranty

34.   Plaintiff incorporates herein by reference each and every allegation

---

[1] The Federal Rules are designed to minimize disputes over pleading technicalities. *See Ashcroft v. Iqbal*, 556 US 662, 678 (2009). A complaint is sufficient if it gives the defendant "fair notice of what the … claim is and the grounds upon which it rests." *Bell Atlantic Corporation et al. v. Twombly*, 550 U.S. 544, at 555 (2007); see *Starr v. Baca*, 652 F3d 1202, 1212 (9th Cir. 2011) (discussing traditional liberal theory of Rule 8(a)). In determining the sufficiency of a pleading, allegations of material fact are taken as true and construed in the light most favorable to the pleader. *See Erickson v. Pardus*, 551 US 89, 94 (2007) (emphasis added); *see also Silvas v. E\*Trade Mortg. Corp.*, 514 F.3d 1001 (9th Cir. 2008*); accord Proft v. Raoul*, 944 F3d 686, 690 (7th Cir. 2019).

contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

35.     These causes of action arise out of warranty and repair obligations of MERCEDES-BENZ USA, LLC in connection with a vehicle that Plaintiff leased and for which MERCEDES-BENZ USA, LLC issued a written warranty. The warranty was not issued by the selling dealership.

36.     The Subject Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, engine, electrical, and emission system defects.

37.     Pursuant to the Song-Beverly Consumer Warranty Act (hereinafter "the Act") Civil Code sections 1790 *et seq.*, the vehicle constitutes a "consumer good" used primarily for family or household purposes, and Plaintiff has used the Subject Vehicle primarily for those purposes.

38.     Plaintiff is a "buyer" of consumer goods under the Act.

39.     Defendant MERCEDES-BENZ USA, LLC is a "manufacturer" and/or "distributor" under the Act.

40.     The foregoing defects and nonconformities to warranty manifested themselves in the Subject Vehicle within the applicable express warranty period. The nonconformities substantially impair the use, value, and/or safety of the vehicle.

41.     Plaintiff delivered the Subject Vehicle to an authorized MERCEDES-BENZ USA, LLC repair facility for repair of the nonconformities.

42.     Defendant was unable to conform the Subject Vehicle to the applicable express warranty after a reasonable number of repair attempts.

43.     Notwithstanding Plaintiff's entitlement, Defendant MERCEDES-BENZ USA, LLC has failed to either promptly replace the new motor vehicle or to promptly make restitution in accordance with the Song-Beverly Act.

44.     By failure of Defendant to remedy the defects as alleged above, or to

issue a refund or replacement vehicle, Defendant is in breach of its obligations under the Song-Beverly Act.

45.    Under the Act, Plaintiff is entitled to reimbursement of the price paid for the Subject Vehicle, less that amount directly attributable to use by the Plaintiff prior to the first presentation of the nonconformities.

46.    Plaintiff is entitled to all incidental, consequential, and general damages resulting from Defendant's failure to comply with its obligations under the Song-Beverly Act.

47.    Plaintiff is entitled under the Song-Beverly Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably incurred in connection with the commencement and prosecution of this action.

48.    Because Defendant willfully violated the Song-Beverly Act, Plaintiff is entitled in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages for MERCEDES-BENZ USA, LLC's willful failure to comply with its responsibilities under the Act.

### SECOND CAUSE OF ACTION

**Violation of the Song-Beverly Act – Breach of Implied Warranty**

49.    Plaintiff incorporates herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

50.    MERCEDES-BENZ USA, LLC and its authorized dealership at which Plaintiff pleased the Subject Vehicle, had reason to know the purpose of the Subject Vehicle at the time of lease of the vehicle.  The lease of the Subject Vehicle was accompanied by implied warranties provided for under the law.

51.    Among other warranties, the lease of the Subject Vehicle was accompanied by an implied warranty that the Subject Vehicle was merchantable pursuant to Civil Code section 1792.

52.    Pursuant to Civil Code section 1791.1 (a), the implied warranty of merchantability means and includes that the Vehicle will comply with each of the following requirements: (1) The Vehicle will pass without objection in the trade under the contract description; (2) The Vehicle is fit for the ordinary purposes for which such goods are used; (3) The Vehicle is adequately contained, packaged, and labelled; (4) The Vehicle will conform to the promises or affirmations of fact made on the container or label.

53.    The Subject Vehicle was not fit for the ordinary purpose for which such goods are used because it was equipped with one or more defective vehicle systems/components.

54.    The Subject Vehicle did not measure up to the promises or facts stated on the container or label because it was equipped with one or more defective vehicle systems/components.

55.    The Subject Vehicle was not of the same quality as those generally accepted in the trade because it was leased with one or more defective vehicle systems/components which manifested as engine, electrical, and emission system defects.

56.    Upon information and belief, the defective vehicle systems and components were present at the time of the lease of the Subject Vehicle; thus, extending the duration of any implied warranty under *Mexia v. Rinker Boat Co., Inc.* (2009) 174 Cal.App.4th 1297, 1304–1305 and other applicable laws.

57.    Plaintiff is entitled to justifiably revoke acceptance of the Subject Vehicle under Civil Code, section 1794, *et seq*.

58.    Plaintiff hereby revokes acceptance of the Subject Vehicle.

59.    Plaintiff is entitled to replacement or reimbursement pursuant to Civil Code, section 1794, *et seq*.

60.    Plaintiff is entitled to rescission of the contract pursuant to Civil Code, section 1794, *et seq*. and Commercial Code, section 2711.

61.   Plaintiff is entitled to recover any incidental, consequential, and/or "cover" damages under Commercial Code, sections 2711, 2712, and Civil Code, section 1794, *et seq.*

### THIRD CAUSE OF ACTION

### Violation of the Song-Beverly Act Section 1793.2(b)

62.   Plaintiff incorporates herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

63.   Pursuant to Civil Code section 1793.2, subdivision (a) a manufacturer that sells consumer goods in California, for which it has made an express warranty, shall maintain service and repair facilities or designate and authorize independent service and repair facilities to carry out the terms of those warranties.

64.   Pursuant to Civil Code section 1793.2, subdivision (b), when service and repair of goods are necessary because they do not conform with the applicable express warranties, service and repair shall be commenced within a reasonable time by the manufacturer or its representative.

65.   Civil Code section 1793.2, subdivision (b) further states that goods shall be serviced or repaired so as to conform to the applicable warranties within 30 days and/or within a reasonable time.

66.   The sale/lease of the Subject Vehicle was accompanied by express warranties, including a warranty guaranteeing that the Subject Vehicle was safe to drive and not equipped with defective parts, including engine, electrical, and emission system defects.

67.   Plaintiff delivered the Subject Vehicle to MERCEDES-BENZ USA, LLC's authorized service representatives on multiple occasions. The Subject Vehicle was delivered for repairs of defects, which amount to nonconformities to the express warranties that accompanied the lease of the Subject Vehicle.

68.   Defendant's authorized facilities did not conform the Subject Vehicle to

warranty within 30 days and/or commence repairs within a reasonable time and MERCEDES-BENZ USA, LLC has failed to tender the Subject Vehicle back to Plaintiff in conformance with its warranties within the timeframes set forth in Civil Code section 1793.2(b).

69.     Plaintiff is entitled to justifiably revoke acceptance of the Subject Vehicle under Civil Code, section 1794, *et seq.*

70.     Plaintiff hereby revokes acceptance of the Subject Vehicle.

71.     Plaintiff is entitled to replacement or reimbursement pursuant to Civil Code, section 1794, *et seq.*

72.     Plaintiff is entitled to rescission of the contract pursuant to Civil Code section 1794, *et seq.* and Commercial Code, section 2711.

73.     Plaintiff is entitled to recover any "cover" damages under Commercial Code sections 2711, 2712, and Civil Code, section 1794, *et seq.*

74.     Plaintiff is entitled to recover all incidental and consequential damages pursuant to 1794 *et seq.* and Commercial Code sections 2711, 2712, and 2713 *et seq.*

75.     Plaintiff is entitled in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages in that MERCEDES-BENZ USA, LLC has willfully failed to comply with its responsibilities under the Act.

///
///
///
///
///
///
///
///
///
///

## **PRAYER FOR RELIEF**

1. For general, special, and actual damages according to proof at trial;

2. For recission of the Lease Agreement and restitution of all monies expended;

3. For diminution in value;

4. For incidental and consequential damages according to proof at trial;

5. For civil penalty in the amount of two times Plaintiff's actual damages;

6. For prejudgment interest at the legal rate;

7. For reasonable attorneys' fees and costs of suit; and

8. For such other and further relief as the Court deems just and proper under the circumstances.


Dated:   January 9, 2023

               **QUILL & ARROW, LLP**


               _Kevin Y. Jacobson_
               Kevin Y. Jacobson, Esq.
               Gregory Sogoyan, Esq.
               Attorneys for Plaintiff,
               **HILDA P. GUERRERO**